# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

No. 97-11084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN C. HOWARD,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:92-CR-300-R)

February 11, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Justin C. Howard, Jr., who pled guilty to a single count of wire fraud in 1993, appeals the district court's order denying his motion under Federal Rule of Criminal Procedure 36 to correct a clerical error in his conviction. He argues that the district court's written judgment does not reflect accurately the sentence actually imposed by the district court at his sentence hearing. Specifically, he contends that the written judgment fails to reflect that the district court ordered his federal sentence to run concurrently with his ten-year state sentence.

We note initially that Howard filed an untimely notice of appeal under Federal Rule of Appellate Procedure 4(b), because he filed it more than ten days after the district court denied his Rule 36 motion. We elect to treat Howard's Rule 36 motion, however, as a motion to correct sentence under 28 U.S.C. § 2255. *See United States v. Hunt*, 940 F.2d 130, 131 (5ᵗʰ Cir. 1991)(treating *pro se* defendant's Rule 35 motion as a § 2255 motion for jurisdiction purposes);

---

[*] Pursuant to 5ᵀʰ CIR. R. 47.5, we have determined that this opinion should not be published and is not precedent, except under the limited circumstances set forth in 5ᵗʰ CIR. R. 47.5.4.

*United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).  Treating it as such means that Howard filed his notice of appeal within the applicable sixty-day appeal period of Federal Rule of Appellate Procedure 4(a).

After reviewing the record and the briefs of the parties, we hold that the district court did not err in denying Howard's motion.  Howard's contention that the district court ordered his federal sentence to run concurrently with his ten-year state sentence is refuted by the transcript of the sentence hearing.  *See United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987)("When the oral pronouncement of sentence does not resolve whether a sentence runs consecutively or concurrently, the clearly expressed intent of the sentencing judge discerned from the entire record controls.").  Accordingly, the district court's judgment is AFFIRMED.